IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELLEN SMITH, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 13-4811 |
| VLADIMIR FICHERA, | : | |
| Defendant. | : | |

MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 **DECEMBER 19, 2014**

    Presently before the Court is a Motion for Summary Judgment filed by Defendant, Vladimir Fichera ("Fichera"). Pro se Plaintiff, Ellen Smith ("Smith"), has not filed any response in opposition. For the reasons set forth below, we grant Fichera's Motion.

**I.  BACKGROUND**

    On July 11, 2013, Smith filed a premises liability action in the Court of Common Pleas of Philadelphia County, which was subsequently removed to this Court by Fichera on August 19, 2013, based upon diversity jurisdiction. The case arises out of an alleged trip and fall accident which supposedly occurred on the front steps of an apartment that Smith rented from Fichera.[1] See Compl. Smith alleges that she tripped over a "metal loop" and a "poopy scoop" sometime during the predawn hours on October 10, 2011, as she was leaving her apartment to buy a pack of cigarettes at a nearby 7-Eleven. (Def.'s Mot. for Summ. J.; Ex. A (Smith's Dep.) at 17-23.)

---

[1] Fichera points out that Smith was evicted from the premises around the time of the alleged accident. (Def.'s Mot. for Summ. J. at 1 n.1.) In his Motion for Summary Judgment, Fichera states "[a]ltlhough Mr. Fichera maintains that Ms. Smith was trespassing on the property on the date of the alleged accident, this Honorable Court may assume for the purposes of this motion that Ms. Smith was an invitee." (Id.)

Smith claims that she "has endured physical and mental pain and suffering, inconvenience in her daily activities, and loss of life's pleasures and enjoyment, a loss of earnings or earning capacity and she may continue to suffer into the future." Compl. ¶ 10.

On September 8, 2014, Smith's attorneys, Jay L. Solnick, Esq., Jessica A. Altman, Esq., and Solnick & Levin, LLC, filed a Motion to Withdraw as Attorneys for Smith arguing that "[a]s a result of information obtained during the course of discovery, and in their professional judgment, Jay L. Solnick, Esquire, Jessica A. Altman, Esquire, and Solnick & Levin, LLC, can no longer effectively and zealously represent Plaintiff's interests in this matter and are duty bound under the Rules of Professional Conduct to discontinue their representation of Plaintiff in this matter." (Mot. to Withdraw as Pl.'s Counsel at 1.)  On September 10, 2014, Smith's attorneys' Motion to Withdraw was granted and Plaintiff was permitted to proceed pro se. (Doc. No. 12.)

The Court held an in-court status conference with Smith and Fichera's attorney, Matthew A. Moroney, Esq. ("Moroney") on October 20, 2014.  On that date, it was ordered as follows:

> **AND NOW**, this 20th day of October, 2014, after an in-court pretrial conference, it is hereby **ORDERED** that Plaintiff, Ellen Smith ("Smith"), shall notify the Court on or before November 20, 2014, if she was able to find a new attorney.  If Smith fails to notify the Court that she has found a new attorney by November 20, 2014, the Court shall list the case for arbitration.

(Doc. No. 16.)  On that same date, after the status conference and subsequent to the Court's Order, Moroney filed his First Motion for Summary Judgment on behalf of Fichera. (Doc. No. 18.)

The Court did not hear from Smith and, on December 1, 2014, ordered as follows:

> **AND NOW**, this 1st day of December, 2014, in light of Defendant's Motion for Summary Judgment (Doc. No. 18), which was filed after the Court's October 20, 2014 Order, it is hereby **ORDERED** that Plaintiff, Ellen Smith ("Smith"), shall file a *pro se* response to the Motion for Summary Judgment on or before December 16, 2014. If Smith fails to file a *pro se* response, the Court will address Defendant's Motion for Summary Judgment on its merits which may result in the dismissal of the action.
>
> FN1 -  On October 20, 2014, an Order was entered stating as follows:
>
>> **AND NOW**, this 20th day of October, 2014, after an in-court pretrial conference, it is hereby **ORDERED** that Plaintiff, Ellen Smith ("Smith"), shall notify the Court on or before November 20, 2014, if she was able to find a new attorney. If Smith fails to notify the Court that she has found a new attorney by November 20, 2014, the Court shall list the case for arbitration.
>>
>> (Doc. No. 16) As of today's date, the Court has not been contacted by Smith. The Court cannot list the case for arbitration due to the outstanding Motion for Summary Judgment by Defendant. Since we have not heard from Smith regarding the attainment of a new attorney, we have ordered her to file a response to the Motion for Summary Judgment *pro se*.

(Doc. No. 19.) Smith has not filed any response to Fichera's First Motion for Summary Judgment as of today's date.[2] In light of the aforementioned, and despite the Motion being unopposed, we will address the Motion for Summary Judgment on the merits. See Anchorage Assocs. v. Virgin Is. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990) (stating that even where summary judgment motion is unopposed a court must determine if moving party is entitled to judgment as a matter of law). In the present case, viewing the facts in the light most favorable to Smith, there is no genuine issue of material fact that

---

[2] The December 1, 2014 Order mailed to Smith was returned to the Court as undeliverable on December 11, 2014. It appears that Smith has not updated the Court with her current address as required by our Local Rules. See E.D. Pa. R. 5.1(b) (requiring pro se litigants to "notify the Clerk within fourteen (14) days of any change of address."); see also Welch v. City of Phila., No. 11-4670, 2012 WL 1946831, at *1 (E.D. Pa. May 30, 2012).

exists, thus permitting the Court to grant summary judgment.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) states that summary judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." See Hines v. Consol. Rail Corp., 926 F.2d 262, 267 (3d Cir. 1991).  The Court asks "whether the evidence presents a sufficient disagreement to require submission to the jury or whether . . . one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).  The moving party has the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "A fact is material if it could affect the outcome of the suit after applying the substantive law.  Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable jury could return a verdict in favor of the non-moving party.'" Compton v. Nat'l League of Prof'l Baseball Clubs, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998).

Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Once the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond the allegations set forth in its pleadings and counter with evidence that presents "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Big Apple BMW, Inc. v. BMW of N. Am. Inc., 974 F.2d 1358, 1362-63 (3d Cir. 1992).  "More

than a mere scintilla of evidence in its favor" must be presented by the non-moving party in order to overcome a summary judgment motion.  Tziatzios v. United States, 164 F.R.D. 410, 411-12 (E.D. Pa. 1996).  If the court determines that there are no genuine issues of material fact, then summary judgment will be granted.  Celotex, 477 U.S. at 322.

## III.  DISCUSSION

Fichera moves for summary judgment arguing that the record is insufficient to show constructive notice of the hazardous condition that caused Smith's alleged fall, as required under Pennsylvania law.  Pennsylvania law mandates that a claim for negligence requires proof of four elements: "(1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting in harm to the interests of another."  Felix v. GMS, Zallie Holdings, Inc., 827 F. Supp. 2d 430, 435 (E.D. Pa. 2011), *aff'd*, 501 F. App'x 131 (3d Cir. 2012) (quoting Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 139 (3d Cir. 2005) (applying Pennsylvania law)).

### A. Duty of Care: Possessor of Land

As the owner of the apartment, Fichera was the possessor of the land on which Smith allegedly sustained her injuries.  "Pennsylvania courts have adopted the Restatement (Second) approach to determining the duty owed by a possessor of land to a person on its land."  Id. (citing Kirschbaum v. WRGSB Assocs., 243 F.3d 145, 152 (3d Cir. 2001); Carrender v. Fitterer, 469 A.2d 120, 123 (1983)).  "Under this approach, '[t]he standard of care a possessor of land owes to one who enters upon the land depends upon whether the

person entering is a trespasser [sic], licensee, or invitee.'" Id. (quoting Carrender, 469 A.2d at 123).

Here, Fichera agrees that Smith was an "invitee." See Restatement (Second) of Torts § 332 (stating that an "invitee" includes "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land"). "'Possessors of land owe a duty to protect invitees from foreseeable harm.'" Id. at 346 (quoting Carrender, 469 A.2d at 123). "The Restatement clarifies the possessor owes a duty only when the possessor 'knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee.'" Id. (quoting Restatement (Second) of Torts § 343). "In other words, the possessor of the land must have 'actual or constructive notice' of the dangerous condition." Id. (quoting Estate of Swift v. Ne. Hosp. of Phila., 690 A.2d 719, 723 (1997)). Thus, Fichera only owed such a duty to Smith to the extent that he had "actual or constructive notice" of a dangerous condition on the land.

**B. Notice**

In this case, there is no evidence that Fichera either caused the dangerous condition or had actual notice of the dangerous condition. Thus, resolution of the issue of constructive notice is dispositive. Various factors are relevant to determining whether Fichera had constructive notice of the "metal loop" and "poopy scoop" placement on the front steps, including: "the number of persons using the premises, the frequency of such use, the nature of the defect, its location on the premises, its probable cause, and the opportunity which defendant, as a reasonably prudent person, had to remedy it." Id. at 437 (quoting Hagan v.

Caldor Dep't Stores, Inc., No. 89–7810, 1991 WL 8429, at *4 (E.D. Pa. Jan. 28, 1991)).

### C. Analysis of Facts

Fichera argues that, even viewing the facts in a light most favorable to Smith, she cannot establish that Fichera knew or should have known that there was a risk of harm to Smith on the date of the alleged accident. (Def.'s Mot. for Summ. J. at 4-5.) Fichera states that Smith cannot establish where the "metal loop" and "poopy scoop" came from or how long they were present on her front steps. (Id. at 1.) Fichera relies upon Smith's deposition testimony in support of his argument for summary judgment. (See id.) Specifically, Fichera notes that Smith had no idea where the "metal loop" and "poopy scoop" came from or how long they were present on her front steps before the accident. (Id.; Ex. A at 20, 21-22.) However, as Fichera points out, Smith did state that the objects were not on the steps the night before the accident. (Id.; Ex. A at 23.) Relying upon Smith's own testimony, Fichera notes that she has offered no evidence linking the objects to himself in any way. (Id.)

We agree. Smith's own deposition testimony establishes that Fichera did not have constructive notice of the placement of the "metal loop" and "poopy scoop" on the front steps. She neither says nor suggests how much time elapsed between the time the objects were placed on the steps and the time that she tripped over them. "'[O]ne of the most important factors to be taken into consideration is the time elapsing between the origin of the defect or hazardous condition and the accident.'" Felix, 827 F. Supp. 2d at 437 (quoting Neve v. Insalaco's, 771 A.2d 786, 791 (Pa. Super. Ct. 2001)). "The duration of the hazard is important because if a hazard only existed for a very short period of time before causing any injury, then the possessor of the land, even 'by the exercise of reasonable care,' would not

7

discover the hazard, and thus would owe no duty to protect invitees from such a hazard." Id. (quoting Restatement (Second) of Torts § 343); see also Regaolo v. Save-a-Lot, No. 13-5786, 2014 WL 4063361, at *5 (E.D. Pa. Aug. 15, 2014) ("[C]ourts applying Pennsylvania law have consistently granted summary judgment to defendants where plaintiffs present insufficient evidence regarding the duration of time a spill or other hazard remained on the floor prior to an accident.") (citing cases).

Smith also does not explain what caused the two objects to be placed on the steps. Based upon her deposition testimony, Smith does not have any evidence suggesting how a reasonably prudent person could have remedied the allegedly dangerous placement of the "metal loop" and "poopy scoop" between the time that they were placed on the front steps and the time that she allegedly tripped on them.

Based upon Smith's deposition testimony, she has no evidence to suggest that Fichera had constructive notice of the placement of the "metal loop" and "poppy scoop" on the front steps. In fact, the only evidence of record contradicts a finding of constructive notice. Consequently, Fichera is entitled to the grant of summary judgment in his favor.

## IV.     CONCLUSION

The Court finds that no genuine issue of material fact exists and Fichera is entitled to summary judgment as a matter of law because there does not appear to be any evidence that Fichera had actual or constructive notice of the "metal loop" or "poopy scoop" on the front steps prior to Smith's alleged fall.

An appropriate Order follows.